IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                             Case No. 02-10074-02-JTM

JESUS MENDOZA, a.k.a
ALFREDO SILVA,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant Jesus Mendoza's motion to reopen the court's denial of a reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines (Dkt. 139), which took effect on November 1, 2014, and lowers the base offense levels in the Drug Quantity Table, U.S.S.G. § 2D1.1. For the reasons stated below, defendant's motion is denied.

### I.    Background

On June 8, 2015, the court denied a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because defendant's 240-month sentence was below the low end of the amended guideline range. (Dkt. 130). Defendant appealed, and the Tenth Circuit affirmed the court's denial on May 16, 2016. Defendant mailed his present motion on February 20, 2018, which was filed on February 27, 2018.

## II. Legal Standards and Application

Defendant's motion is essentially one for reconsideration. "Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'" *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)). This includes a motion for reconsideration after the denial of a § 3582(c)(2) motion. *Id.* at 1241–42. The Supreme Court recognizes the "wisdom of giving district courts the opportunity promptly to correct their own alleged errors[,]" and the Tenth Circuit allows a criminal defendant to move for reconsideration. *Randall*, 666 F.3d at 1242 (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976) and citing *United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989)). However, "a motion for reconsideration of the denial of a § 3582(c)(2) motion must be brought within the time for appeal." *Id.*

Defendant's motion to reopen/reconsider the court's denial of a sentence reduction is untimely. It was filed after the Tenth Circuit considered his appeal instead of within 14 days after the court denied a sentence reduction. Fed. R. App. P. 4(b)(1)(A)(i).

IT IS THEREFORE ORDERED this 2nd day of April, 2018, that defendant's motion to reopen the court's denial of his motion for a reduction of sentence based on Amendment 782 (Dkt. 139) is denied.

               ___s/ J. Thomas Marten_____
               J. THOMAS MARTEN, JUDGE