IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                            Case No. 02-10074-2-JTM

JESUS MENDOZA,
        aka ALFREDO SILVA,

        Defendant.

## MEMORANDUM AND ORDER

Before the court is defendant Jesus Mendoza's motion to vacate his sentence under 28 U.S.C. § 2255.[1] The United States argues the motion should be denied as untimely because it was filed outside of the one-year limitation period provided in § 2255(f). Mendoza argues the motion is supported by newly discovered facts extending the limitation period pursuant to § 2255(f)(4). Alternatively, he argues that his attorney's "misconduct" in this action was so egregious as to constitute an extraordinary circumstance that would equitably toll § 2255(f)'s limitation period. (*See* Dkt. 149, p. 6).

---

[1] Defendant filed his first iteration of the motion on October 26, 2020 (Dkt. 148), arguing that counsel was ineffective in failing to object to the calculation of the base offense level in his Presentence Investigation Report based upon the quantity of methamphetamine attributed to defendant. (Dkt. 148, p. 5, 9). Defendant filed a second document on December 11, 2020 (Dkt. 149) titled as a "memorandum in support" of his October 26, 2020 motion, which raises additional arguments that defendant contends entitle him to relief under 28 U.S.C. § 2255. In the memorandum, defendant contends counsel was also ineffective in failing to either advise him of or file an appeal (Dkt. 149, p. 5-6) and in failing to challenge a sentence enhancement based on possession of a dangerous weapon. (Dkt. 149, p. 8).

    Although typically it would be inappropriate for a memorandum of law to raise legal issues that had not already been raised in an initial motion, the court will afford defendant leniency due to his *pro se* status and construes Dkts. 148 and 149 as part of a single motion to vacate sentence under 28 U.S.C. § 2255.

On June 5, 2002, a Superseding Indictment (Dkt. 13) was filed that charged Mendoza with conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846 (Count I), possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count II), and maintaining a place for the purpose of manufacturing, distributing or using a controlled substance in violation of 21 U.S.C. § 856(a)(1) (Count III). On November 20, 2006, defendant entered a Plea Agreement (Dkt. 107) and a Petition and Order to Enter Guilty Plea (Dkt. 108) wherein he pled guilty to counts I, II, and III of the Superseding Indictment and admitted that he knowingly committed those offenses. In the Plea Agreement, Mendoza admitted the amount of methamphetamine recovered by law enforcement was a total of 14,338 grams of a substance containing methamphetamine, and that laboratory testing on 6,000 grams of that substance revealed 1,742 grams of pure methamphetamine. (Dkt. 107, p. 3). Defendant's Petition to Enter Guilty Plea acknowledged that "I believe my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISIFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME." (Dkt. 108, p. 5) (emphasis in original).

Mendoza was sentenced on May 21, 2007 to 240 months imprisonment on each of counts 1, 2, and 3, to run concurrently. (Dkt. 113). At the time of sentencing, defendant's advisory guideline sentence was 324 to 405 months. (Transcript, Dkt. 121, p. 3). The 240-month sentence given reflected a downward variance which the sentencing judge believed was appropriate and sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a). (Dkt. 112; Dkt. 121, p. 3, 12-14). No objections were made by

Mendoza's counsel to the presentence report, and when asked directly Mendoza indicated that he'd read the presentence report, discussed it with his counsel, that there was nothing he would change in the report, and that he was happy with the assistance of his counsel. (Dkt. 121, p. 12, 14). On October 27, 2008, the Tenth Circuit affirmed Mendoza's sentence following an appeal by the United States. (Dkt. 114, 123).

After the Tenth Circuit affirmed his sentence, Mendoza made multiple attempts to attack his conviction on the grounds that that his counsel was ineffective, or that the sentence imposed was too long under the applicable guidelines. The first attempt occurred when Mendoza filed a Motion for Leave to Appeal Out of Time on July 18, 2011. (Dkt. 127). Mendoza argued that he was entitled to appeal out of time because counsel did not follow his instruction to file an appeal, and because counsel had not challenged defendant's sentencing enhancements based upon his leadership role, possession of firearms, and prior state criminal proceedings. (Dkt. 127, p. 1-2). The court denied the motion on September 6, 2011, noting that even if it construed defendant's motion as a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, the motion would have been untimely, and defendant had not presented any extraordinary circumstances to justify tolling of the deadline. (Dkt. 129 at 2).

On June 8, 2015 the court denied a motion to reduce defendant's sentence under 18 U.S.C. § 3582(c)(2) based on a subsequently lowered sentencing guideline, because the 240-month sentence defendant received was already lower than the low end of the amended guideline range. (Dkt. 130). Mendoza appealed that denial (Dkt. 131), and the Tenth Circuit affirmed that decision on May 16, 2016. (Dkt. 137).

Mendoza filed a motion for reconsideration of the denial of sentence reduction in this court on February 27, 2018. (Dkt. 139). The court denied that motion as untimely because it was filed after Mendoza had already appealed the court's decision, and after the Tenth Circuit affirmed the court's decision, rather than within 14 days of the court's original decision. (Dkt. 140). Mendoza reiterated his request that the court reconsider its order, styled as a Motion to Alter or Amend the Judgment, (Dkt. 141) on April 30, 2018, which the court denied on June 18, 2018. (Dkt. 142). Mendoza then appealed the court's refusal to reconsider on July 9, 2018 (Dkt. 143). That appeal was dismissed by the Tenth Circuit for lack of prosecution on November 8, 2018. (Dkt. 147).

28 U.S.C. § 2255 provides that a prisoner in custody may ask the sentencing court to vacate, set aside, or correct a sentence imposed in violation of the laws or Constitution of the United States, imposed without jurisdiction, or in excess of the maximum authorized by law. 28 U.S.C. § 2255(a). Subsection (f) of the statute imposes a one-year time limitation on such motions, which runs from the latest of the date (1) the judgment of conviction becomes final, (2) the date on which any impediment to making such motion is removed, (3) the date on which the right asserted was initially recognized by the Supreme Court, or (4) the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. [2] Mendoza contends

---

[2] A Petition for Writ of Certiorari shall be filed within 90 days after entry of the judgment. Sup. Ct. Rule 13.1. Mendoza's deadline to file a Petition for Writ of Certiorari regarding the Tenth Circuit's Judgment was January 25, 2009, consequently his conviction became final on that date. *See United States v. Wells,* 740 Fed. Appx. 160, 161 (10th Cir. 2018) ("A conviction is final once appeals are exhausted and the time to file a petition for certiorari has lapsed or such petition is denied."). Under § 2255(f)(1), Mendoza would have had to file his motion by January 25, 2010; instead, he filed his motion on October 26, 2020. (Dkt. 148).

that his motion is timely under § 2255(f)(4). Mendoza's claims for relief center around the alleged ineffective assistance of counsel, either in failing to object to certain factors at sentencing, or in failing to advise or assist Mendoza with a direct appeal. (Dkt. 148, p. 13; Dkt. 149, p. 7-10; Dkt. 155, p. 3-4).

While § 2255(f)(4) may extend the limitation period more than a year from the date a conviction becomes final in some cases, it does not extend that period indefinitely. Mendoza would have to show that the facts giving rise to his § 2255 motion were not known to him and could not have been discovered by due diligence prior to October 26, 2019, one year prior to the date his motion was filed, in order to qualify for relief under that subsection. *See U.S. v. Gill*, 382 F.Supp.2d 1229, 1231 (D. Kan. 2005) ("The burden is with the defendant to allege facts, which, if proven, would entitle him or her to relief."). Mendoza does not specify a precise date upon which he contends he first became aware of his counsel's ineffectiveness. Nevertheless, Mendoza would have been aware of the method of calculating the quantity of methamphetamine involved in the offense at the time of sentencing. Although he alleges now that his counsel failed to object to the method of calculation, during sentencing Mendoza informed the judge that he had reviewed the presentencing report, was comfortable with its contents, and was happy with the assistance of his counsel. (Dkt. 121, p. 12, 14). Mendoza would have been aware of his counsel's perceived failure to either file an appeal or advise him of his right to appeal no later than July 18, 2011, when he filed his Motion for Leave to Appeal Out of Time. (Dkt. 127, p. 1-2).

Mendoza's § 2255 motion does not indicate that any new statutory authority or controlling case law applies to his arguments which he was not aware of prior to October 26, 2019, nor does he articulate any new facts learned after October 26, 2019 or the date on which he learned them. Instead, the arguments made by Mendoza in this 2255 motion are all arguments that have previously been raised and rejected by the court. Mendoza's motion is consequently untimely under § 2255(f)(4). *See Tunget*, 764 Fed. Appx. at 717 (where it is "not debatable" that defendant knew of the facts supporting his 2255 claims more than a year before filing it, motion was rendered untimely under § 2255(f)(4)).

Equitable tolling is a remedy that may be applied to § 2255 motions where a prisoner is prevented from filing the motion due to "extraordinary circumstances" beyond his control. *See U.S. v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005); *U.S. v. Willis*, 202 F.3d 1279, n.3 (10th Cir. 2000). Mendoza argues that his attorney's "egregious" misconduct conduct in failing to communicate regarding Mendoza's right to appeal justifies equitable tolling. (Dkt. 149, p. 6). Ineffective assistance of counsel, however, "has not generally been considered an extraordinary circumstance in this regard." *Martin*, 408 F.3d at 1093. In the case cited by defendant, along with other cases where equitable tolling has been applied in cases of attorney misconduct, the misconduct in question has been particularly outrageous or incompetent, such as when counsel deliberately deceives his client regarding deadlines or whether pleadings have been filed. *See id.* at 1093-94 (collecting cases). Mendoza's pleadings in this matter do not establish the high level of attorney misconduct that would be required to support a claim for equitable tolling, particularly when Mendoza was advised by the court at the time of sentencing of his right to appeal

6

and the bases on which Mendoza claims he would have appealed are the same bases that have been raised and rejected by the court in previous collateral attacks. (*See* Dkt. 121, p. 16).

In addition, a prisoner must demonstrate that he diligently pursued the matter for the court to apply equitably tolling. *Martin*, 408 F.3d at 1095. The Tenth Circuit affirmed Mendoza's sentence on October 27, 2008. (Dkt. 123). Mendoza did not file his first motion challenging his sentence until July 18, 2011. The court concluded at that time that Mendoza had failed to show extraordinary circumstances that would have justified equitable tolling of the one-year limitation period on § 2255 motions. (*See* Dkt. 129). Mendoza has not presented any facts or evidence here that would change the court's original conclusion regarding the timeliness of his collateral attacks.

Mendoza's § 2255 motion (Dkts. 148, 149) is **DENIED** as untimely.[3]  Mendoza is not entitled to an evidentiary hearing because the court's review of the pleadings and record in this matter show that he has not raised any colorable claim for relief. 28 U.S.C. § 2255(b); *see also United States v. Handy*, 793 Fed. Appx. 768, 770 (10th Cir. 2019). The court declines to issue a certificate of appealability because it finds reasonable jurists would not find it debatable whether the court's ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

---

[3] To the extent any portion of Mendoza's motion can be construed as a request for appointment of counsel, that request is denied. Mendoza has demonstrated that he is capable of articulating his claims adequately and none of his prior *pro se* pleadings have been rejected on the basis of being incomprehensible or inadequately stated. *See United States v. Baker,* 586 Fed. Appx. 458, 460 (10th Cir. 2014).

**IT IS SO ORDERED** this 18th day of March, 2021.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT