IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 02-10074-02-JWB

JESUS MENDOZA,[1]

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for sentence reduction under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A).  (Doc. 158.)  The motion is fully briefed and is ripe for decision.  (Docs.  160, 163.)  For the reasons stated herein, the motion is DENIED.

### I.  Facts and Procedural History

On November 29, 2006, Defendant pleaded guilty to three counts of a superseding indictment: (1) conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846; (2) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and (3) maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). Although the sentencing guideline range for the conduct was 324-405 months, the Hon. Monti L. Belot granted a downward variance and sentenced Defendant to 240 months imprisonment on each count, with the counts to run concurrently.  (Doc. 113.)  Judgment was entered on May 22, 2007.

---

[1] The Presentence Report (PSR) indicates Defendant has been known by or used a number of different names.  (PSR at 2.)  Defendant asserts that his true name is Alfredo Silva-Escalera, (*id.*), which is the name that appears on his motion.  (Doc. 158.)  The court will refer to Defendant as Jesus Mendoza for the sake of consistency, given that this is the name under which he was indicted and convicted.

(*Id.*)  The government appealed the sentence, but the Tenth Circuit affirmed the decision.  (Doc. 123.)

Defendant thereafter filed several motions to reduce his sentence.   (*See* Docs. 127, 139, 141.)  On October 26, 2020, Defendant filed a motion to vacate sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  (Doc. 148.)  That motion was denied.  (Doc. 156.)  Defendant then filed the instant motion for compassionate release, which alleged that there are extraordinary and compelling reasons to reduce his sentence, including that Defendant is the only available caregiver for his ailing father, that his sentence was unusually long, that he is a non-violent offender who has served over 75% of his sentence, and that he has a remarkable record of rehabilitation.  (Doc. 158 at 3-4.)

The government opposes the motion.  It first argues Defendant has not provided proof that he exhausted administrative remedies.  (Doc. 160 at 4.) It argues that Defendant's sentence already reflected a significant reduction from the sentencing guideline range, that Defendant has participated in few beneficial programs while incarcerated, and that he fails to document the claim that he is needed to care for his ailing father.  (Doc. 160 at 9-10.)  Finally, the government argues the factors in § 3553(a) weigh against any reduction in sentence.

Defendant's reply, which was filed on his behalf by the Assistant Federal Public Defender,[2] asserts that the man whom Defendant refers to as his father is the man who raised Defendant although he is not Defendant's biological father. (Doc. 163 at 2-3.)  The reply also addresses the § 3553(a) factors and argues a reduction is warranted, including because Defendant now represents a low recidivism risk because of his age.  (*Id.* at 4.)

## II.  Standard

---

[2] *See* Doc. 161 (entry of appearance).  In view of this entry of appearance, Defendant's request for appointment of counsel in Doc. 158 is DENIED as moot.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons warrant such a reduction…." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file her own motion for reduction after she "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable

3

to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021); *United States v. Vargas*, No. 13-10193-JWB, 2021 WL 4623586, at *1 (D. Kan. Oct. 7, 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

### III. Analysis

Defendant's reply brief cites evidence that Defendant has exhausted administrative remedies on his request for compassionate release. (Doc. 163 at 2.) The court finds this showing is adequate to satisfy the exhaustion requirement and to allow the court to address the merits of the motion.

The court need not address whether Defendant's allegations could rise to the level of extraordinary and compelling reasons for a sentence reduction, because the court finds that application of the factors in § 3553(a) weigh against a reduction in the sentence.

The nature and circumstances of the offense reflect that Defendant was involved in the importation and distribution of significant amounts of methamphetamine. The offense also involved the possession of dangerous firearms. Defendant was a leader or organizer of the offense. (PSR at 11.) At the time of the offense, Defendant had prior convictions for sale of methamphetamine and unlawful re-entry into the United States after deportation for an aggravated felony. (*Id.* at 14.) Defendant is a citizen of Mexico and, according to the PSR, first illegally entered the United States in 1987, and thereafter obtained lawful permanent residence status under someone else's name. (*Id.* at 17.) He lived in California in 1996 and was incarcerated in California prior to being deported the first time. In 1997, he was arrested in Kansas for transporting a vehicle with drugs but was not prosecuted and was deported. Defendant returned to California around the

4

year 2000 and reportedly moved to Wichita in 2002.  After the instant offense, Defendant fled and returned to Mexico.  In 2003, he was arrested in Iowa.  (*Id.* at 18-19.)

Defendant's offense, history, and characteristics indicate a high likelihood that if released he would return to the United States unlawfully and would continue to engage in unlawful distribution of controlled substances.  Defendant's history of engaging in such conduct spans a period of years, interrupted by periods of incarceration.  The court concludes that his release would pose a danger to the public from the prospect of Defendant again engaging in similar behavior involving the distribution of dangerous addictive drugs and possession of firearms.

The court concludes that the sentence of 240 months continues to be required to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  As shown by the record, the advisory guideline range for such conduct called for a sentence in the range of 324 to 405 months, but Defendant received a sentence significantly below that level.  The court finds the sentence of 240 months is still required to afford adequate deterrence to such conduct.

**IV.  Conclusion**

Defendant's motion for sentence reduction (Doc. 158) under 18 U.S.C. § 3582(c)(1)(A) is DENIED.  IT IS SO ORDERED this 8th day of June, 2022.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE